## ROBERT A. O'BRYAN *v.* SARAH E. O'BRYAN, ETC.

Executors and Administrators—Purchase and Sale of Land by Administrator as Commissioner.

> Where an administrator was appointed commissioner to sell land of the estate, and purchased the land at the sale, and afterwards sold it at an advance over the price paid by him, he will be held to account for the excess of the price received over the price paid by him.

APPEAL FROM MEADE CIRCUIT COURT.

January 17, 1873.

Opinion by Judge Peters:

It is authoritatively settled that if an executor or other trustee at a sale of the trust property buy it, the beneficiary shall have the election to hold him to the purchase, or disregard it, and claim restitution of the thing sold, or payment of its full value. All profits made by a trustee, by the use of any trust property, belongs to the beneficiary. *Longest's Adm'r v. Tyler's Ex'r*, 1 Duvall 192.

In this case the administrator was the commissioner to make the sale, and while it is true that he did not as auctioneer cry the sale, still it was a sale conducted by himself; he alone could approve the bonds which the purchaser might tender, report whether it was made in conformity to the judgment, and the manner it was conducted. He may be said to be seller and buyer, vendor and vendee, positions inconsistent, and such as the chancellor can not recognize, although the sale may have been conducted with the utmost fairness.

Appellant certainly sold the land for a considerable advance, which is conclusive of the fact that he purchased the property at a reduced price, and besides the indebtedness of the estate for which the land was sold amounted to only $157.60, and it does not appear that it was necessary to sell the whole tract to pay that sum.

The court below adjudged correctly in holding appellant liable for the amount he sold the land for after crediting him by the amount he paid for it, and what the estate of his intestate owed him.

Judgment *affirmed*.

*Fairleigh, for appellant.*

*Kinchloe, Lewis, for appellee.*